UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ANGELA SEWARD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:16-cv-1703-WTL-MJD |
| HENRY COUNTY MEMORIAL HOSPITAL, et al., | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTIONS TO DISMISS

This cause is before the Court on the Motion to Dismiss filed by the Defendants, Ivy Tech Community College ("Ivy Tech") and Henry County Memorial Hospital ("the Hospital"). Dkt. Nos. 37 & 41. The motions are fully briefed, and the Court, being duly advised, **DENIES** the motions for the reasons set forth below.

### I. STANDARD

The Defendants move to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## II. BACKGROUND

The Plaintiff, Angela Seward, has brought a claim against the Defendants under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. § 794(a). For the purposes of this motion, the Court accepts the following facts as true.

Seward began the Physical Therapy Assisting Program ("PTAP") at Ivy Tech in August 2014 and planned to graduate on May 12, 2016. As part of the program, Seward was required to complete three clinical training sessions. Seward did well in her first two clinical training sessions. She successfully completed each session, earning an A in each.

For her final clinical session, Seward was assigned to work at Henry County Memorial Hospital's Rehabilitation Services Department, which was located in the Forest Ridge Medical Pavilion ("Forest Ridge"), in New Castle, Indiana. Seward's Clinical Instructor for the final assignment was Allison Stroud, a Physical Therapy Assistant ("PTA") employed by the Hospital at Forest Ridge. Seward's clinical training session at Forest Ridge began on February 29, 2016, and her first day of work was March 2, 2016.

On March 23, 2016, Seward's Ivy Tech instructor, Lori Hobbs, visited Seward at Forest Ridge for a site visit. After conferring with Stroud, Hobbs performed Seward's mid-term evaluation. Seward performed well on the evaluation, scoring one of the highest marks for a student at her level. Stroud was on vacation on March 28-29, 2016. During her absence, Seward had a conversation with another student in the program during which Seward responded to a

2

question from the student about whether Seward had any mental health issues. Seward responded that, while she did not have any major issues, due to circumstances in her earlier personal life, she did struggle with depression and self-esteem issues.

On March 30, Seward saw Stroud talking to Doe, one of the Physical Therapists with whom Stroud and Seward worked, in the main office. Shortly thereafter, Seward heard Stroud make a comment to another person that Steward had mental health problems. Seward also heard Stroud make a similar remark—that Seward had mental health and depression problems—to Stroud's husband.

That afternoon, Seward was taken into a conference room, where Stroud and Doe confronted her. Seward was told that she had lied about her Titer test, had lied about graduation testing, and that Stroud knew about a pending shoplifting charge against Seward. Although Seward successfully explained the actual situation with respect to all of Stroud's allegations, Doe told Seward that he had to believe Stroud and that they wanted to sever ties with Seward. The Hospital terminated Seward from her clinical rotation two weeks before the rotation was scheduled to end.

Seward appealed the Hospital's decision to Mark Wise, Director of the Ivy Tech PTAP. Seward clearly described to Wise the nature of Stroud's discriminatory remarks and the discriminatory basis for her termination from the clinical rotation. Wise told Seward that she might be able to use her mid-term evaluation as a final grade for her third clinical but that only Dr. Paula Boley, Dean of Ivy Tech's School of Health Sciences, could make that decision.

Wise informed Seward that she was dismissed from the PTAP effective April 6, 2016. Boley refused to meet with Seward until April 18, 2016, and then upheld Wise's initial decision. Seward was advised that, because she had not completed three clinical instruction

sessions, she would not be allowed to participate in the week-long review program that began on April 25, 2016. Seward was not allowed to graduate on May 12, 2016, and thus was ineligible to sit for her Indiana state PTA licensing examination.

### III. DISCUSSION

In order to state a claim under the ADA or the Rehabilitation Act, a plaintiff must plead (1) that she has a qualifying disability within the meaning of the statutes; (2) that she is being denied the benefits of a public entity's services, programs, or activities, or is otherwise discriminated against by the public entity; and (3) that the exclusion, denial, or discrimination is because of her disability. *See* 42 U.S.C. § 12132; *Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015). A claim under the Rehabilitation Act must meet the additional requirement that the program in question receives federal funding. *See* 29 U.S.C. § 794(a).

Seward alleges that her history of depression and self-esteem issues are mental impairments that interfere with the proper functioning of her neurological system and thus constitute a disability within the definition of the ADA and that each of the Defendants is a public entity within the meaning of the ADA. She also alleges that each Defendant receives federal funding. Further, Seward has alleged that she has a disability of which the Defendants were aware and that the Defendants denied her the ability to participate in the clinical rotation and thus complete the PTAP because of that disability. She also alleges that Ivy Tech refused to make a reasonable accommodation that would allow her to complete the PTAP. Thus, Seward has alleged sufficient facts, which must be accepted as true at this juncture, to state a valid ADA claim against the Defendants. Further, Seward has alleged the required elements and sufficient facts, which must be accepted as true at this juncture, to state a valid claim under the Rehabilitation Act. While it remains to be seen whether Seward will have evidence to support

her ADA and Rehabilitation Act claims, she has satisfied the *Twombly/Iqbal* standard as applicable to these types of claim. As such, the Court denies the Defendants' motions to dismiss.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motions to dismiss (Dkt. Nos. 37 & 41) are **DENIED**.

**SO ORDERED: 4/12/17**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.